# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JOHN BARTOW REYNOLDS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:10-CV-249-MTT |
| GLENN MOURIDY, JOHNSON & FREEDMAN LLC, CHASE HOME FINANCE, LLC, and JOHN DOES 1-10,000, | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Chase Home Finance LLC and Glenn Mouridy's Motion to Dismiss Complaint (Doc. 14) (the "Motion"). For the following reasons, the Motion is **GRANTED**.

### I. FACTUAL BACKGROUND

The Plaintiff filed this case in the Superior Court of Lamar County, Georgia. The Defendants removed to this Court and filed motions to dismiss. The Plaintiff then filed an Amended Complaint.

The original Complaint was virtually incomprehensible. The Amended Complaint, though an improvement, is largely unintelligible. Apparently, at some point Chase Home Finance, LLC ("Chase") foreclosed on the Plaintiff's property. At the time, Glenn Mouridy was the CEO and Chase acted upon the legal advice of Johnson & Freedman LLC.[1] The Plaintiff contends that the foreclosure was illegal and that the Defendants conspired to perpetrate the illegal foreclosure. The Plaintiff asks that the

---
[1] The identities and roles of John Does 1-10,000 are unclear.

Court require the Defendants to provide "the genuine debt instrument . . . for examination in this Court."

Defendants Chase and Mouridy filed this Motion to Dismiss. The Plaintiff filed an Objection in response.

## II. DISCUSSION

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Federal Rules employ a notice pleading standard, which requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading containing mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 570. Rather, a plaintiff must assert factual allegations that are "enough to raise a right to relief above the speculative level." *Id.* at 555. The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Id.* Moreover, the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Fin. Sec. Assur., Inc., v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007).

Although complaints filed by pro se litigants are to be liberally construed, pro se claimants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (internal quotation marks omitted). In addition, in pro se

cases, the Court should not "serve as de facto counsel … or … rewrite an otherwise deficient pleading in order to sustain an action." *Appleton v. Intergraph Corp.*, 627 F. Supp. 2d 1342, 1348 (M.D. Ga. 2008) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1370 (11th Cir. 1998)).

The only potential legal claim in the Plaintiff's Amended Complaint is for wrongful foreclosure. As relief, the Plaintiff requests the "production of the genuine debt Instrument to be presented by the named Defendants, all assignment in the genuine debt instrument, and all recording of such assignments for forensic review by this Court." Even assuming that this is proper relief, and that the Complaint for such relief would invoke this Court's jurisdiction, there simply aren't any facts to support such a claim. Even taking the Plaintiff's pro se status into account, the Complaint is utterly frivolous and lacks any legal foundation. Although the Plaintiff may, in fact, have a valid claim arising from the foreclosure in this case, the Court is unable to construe any viable legal theory or factual basis on which Plaintiff's claims could rest.

### III.  CONCLUSION

The Plaintiff has not pled any facts that would support any claim upon which relief can be granted. Therefore, the Motion to Dismiss (Doc. 14) is **GRANTED**. All of the Plaintiff's claims are dismissed without prejudice.

**SO ORDERED**, this 13th day of October, 2010.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jch